IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO. 7:06-CV-00586 |
| BOLLING STEEL CO., INC., ) ) | COMPLAINT |
| Defendant. ) ) | JURY TRIAL DEMAND |

CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
SEP 29 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race, color, and retaliation, and to provide appropriate relief to Edwardo Molina who was adversely affected by such practices. Plaintiff, the Equal Employment Opportunity Commission ("the Commission") alleges that Bolling Steel Co., Inc. ("Defendant") subjected Mr. Molina to harassment that created a hostile work environment because of his race (bi-racial: black and white) and color (brown skinned). The Commission further alleges that Defendant terminated Mr. Molina's employment in retaliation for his complaint about the unlawful harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)

("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Virginia.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Bolling Steel Co., Inc. (the "Defendant"), has continuously been a Virginia corporation doing business in the Commonwealth of Virginia and the City of Salem, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Edwardo Molina filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From around November 2004 to February 2005, Defendant engaged in unlawful employment practices at its Salem, Virginia facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2. Specifically, Defendant subjected Edwardo Molina to harassment that

created a hostile work environment because of his race, (bi-racial: black and white) and color (brown skinned). The harassment included, but was not limited to, use of racial slurs and theft of Mr. Molina's personal possessions. Mr. Molina complained to Defendant about the harassment, and Defendant otherwise knew, or reasonably should have known, about the unlawful harassment and failed to take prompt and appropriate corrective action to stop it. Defendant terminated Mr. Molina's employment in retaliation for his complaints of unlawful harassment.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Edwardo Molina of equal employment opportunities and otherwise adversely affect his status as an employee because of his race and color, and in retaliation for his protected activity in opposition to discrimination.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Edwardo Molina.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of race or color.

  B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminates because an employee has opposed any practice made an unlawful employment practice under Title VII, or because the employee has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing.

  C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees without regard to race or color, and which eradicate the effects of its past and present unlawful employment practices.

  D. Order Defendant to make whole Edwardo Molina by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  E. Order Defendant to make whole Edwardo Molina by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

  F. Order Defendant to make whole Edwardo Molina by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including past and future emotional pain and suffering, humiliation, embarrassment, anxiety, inconvenience, loss of enjoyment of life and loss of civil rights, in amounts to determined at trial.

  G. Order Defendant to reinstate Edwardo Molina to his prior position, or pay appropriate front pay in lieu of reinstatement.

H.    Order Defendant to pay Edwardo Molina punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

I.    Grant such further relief as the Court deems necessary and proper in the public interest.

J.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 29th day of September, 2006.

Respectfully submitted,

RONALD S. COOPER  
General Counsel

JAMES L. LEE  
Deputy General Counsel

GWENDOLYN YOUNG REAMS  
Associate General Counsel  
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
1801 L Street, N.W.  
Washington, D.C. 20507

LYNETTE A. BARNES  
Regional Attorney  
Charlotte District Office  
129 W. Trade Street, Suite 400  
Charlotte, N.C. 28202

*Tracy Hudson Spicer* by JS

TRACY HUDSON SPICER
Supervisory Trial Attorney
Washington Field Office

*Stacey Turner Caldwell*

STACEY TURNER CALDWELL
Senior Trial Attorney, VSB # 35609
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Richmond Local Office
830 East Main Street, Suite 600
Richmond, Virginia 23219
(804)771-2214
(804) 771-2222 facsimile